PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2002 Chevrolet Tahoe struck a piece of tire on 1-64 East between Cross Lanes and Dunbar. 1-64 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred between 2:00 p.m. and 3:00 p.m. on September 25,2009. 1-64 is a paved, four-lane road with two lanes traveling in each direction. The pertinent speed limit is sixty miles per hour. Claimant stated that he was driving at approximately fifty-five miles per hour and was following an 18-wheel truck when the truck struck a piece of tire that was laying on the road. The piece of tire flipped up and struck Claimant’s vehicle. Claimant stated that he was uncertain where the tire came from or how long it had been situated on the roadway. As a result of this incident, Claimant’s vehicle sustained damage to its mirror, door, fender, and running board in the amount of $ 1,000.00.
The position of the Respondent is that it did not have actual or constructive notice of the piece of tire on 1-64 between Cross Lanes and Dunbar. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or *132 constructive notice of the defect and a reasonable time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent did not have notice of the piece of tire which Claimant’s vehicle struck. It is the Claimant’s burden to prove that Respondent had notice of the object in the roadway and failed to take corrective action. Since Claimant’s vehicle struck a foreign object in the roadway of which Respondent did not have notice, there is no evidence of negligence on the part of Respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.